1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL MITCHELL,

            Petitioner,

  v.

WARDEN ANTHONY HEDGPETH, et al.,

            Respondents.

_____/

No. C 11-02705 SBA (PR)

**ORDER GRANTING RESPONDENTS'
MOTION TO DISMISS; REQUIRING
PETITIONER'S ELECTION
REGARDING MIXED PETITION; AND
DENYING PETITIONER'S PENDING
REQUESTS**

(Docket no. 14)

      Petitioner, Paul Mitchell, a state prisoner, filed a <u>pro se</u> petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  On August 17, 2011, the Court issued an Order to Show Cause

directing Respondents to answer the instant petition.  Respondents now move to dismiss the petition

on the grounds that it is a mixed petition containing both exhausted and unexhausted claims (Docket

no. 14).  That motion is fully briefed.  In his opposition, Petitioner renews his request for

appointment of counsel and also requests the Court to order California Department of Corrections

and Rehabilitation (CDCR) staff to return his missing property.

      For the reasons discussed below, the Court hereby GRANTS Respondents' motion to

dismiss, directs Petitioner to choose from one of the choices outlined below, and DENIES

Petitioner's pending requests.

**BACKGROUND**

      The following facts are undisputed unless otherwise noted.[1]

---

[1] There is a discrepancy between some of the dates in the factual background as stated in
Petitioner's state supreme court petition (Resp't Ex. B) as opposed to the dates in the appellate court's
opinion (Resp't Ex. A).  Therefore, the dates in this Order are taken from the appellate court's
opinion in <u>People v. Paul Mitchell</u>, No. A122108.  (Resp't Ex. A.)

United States District Court
For the Northern District of California

1    On November 20, 2006, the District Attorney of Alameda County filed fourteen counts

2    against Petitioner for committing a number of sexual offenses in 1997 "in violation of the Model

3    Penal Code."[2]  (Resp't Ex. B at 5.)  These charges included: ten counts of sexual penetration by a

4    foreign object in violation of section 289, subdivision (a)(1), three counts of forcible oral copulation

5    in violation of section 288(a), subdivision (c)(2), and one count of forcible rape in violation of

6    section 261, subdivision (a)(2).  (Id. at 5.)  These charges all stemmed from an incident involving

7    Elizabeth Doe on May 18, 1997.  (Id.)  The prosecution also filed enhanced charges.  (Id.)

8    Furthermore, the prosecution filed actions alleging that the above offenses were committed in the

9    course of a first degree burglary and included victim Elizabeth Doe being tied or bound during

10   Petitioner's aforementioned acts.  (Id.)

11   On July 5, 2005, a felony complaint was filed against Petitioner charging him with the

12   aforementioned sexual assault charges on Elizabeth Doe.  (Resp't Ex. A at 7.)  On August 15, 2005,

13   the trial court granted the motion of Petitioner's retained counsel, John Taylor, to withdraw on the

14   basis of a conflict with his client.  (Id. at 7.)  Petitioner then indicated that he did not wish to

15   represent himself or to be represented by the public defender, but would seek to retain another

16   attorney.  (Id.)  Because Petitioner was unsuccessful in retaining another attorney, a public defender

17   was appointed to represent him in December of 2005.  (Id.)  On May 16, 2006, Petitioner filed a

18   Marsden[3] motion, asking the trial court to discharge the deputy public defender, and either appoint

19   new counsel, or permit him to represent himself.  (Id. at 8.)  The motion was granted and Petitioner's

20   case was referred to conflicts counsel.  (Id.)  On May 22, 2006, after two attorneys declined to

21   accept the appointment, Petitioner moved to represent himself under Faretta v. California, 422 U.S.

22   806, 832 (1975) (a criminal defendant has a Sixth Amendment right to self-representation).  The trial

23

24   _____

25       [2] All statutory references are to the Penal Code unless otherwise indicated.  In 1997, a
violation of sexual penetration by foreign object was codified as section 289, subdivision (a)(1).
26   (Resp't Ex. B.)  Similarly, in that same year, a violation of forcible oral copulation was codified as
section 288(a), subdivision (c)(2).  (Id.)

27       [3] Under People v. Marsden, a California defendant has the right to request new counsel, and
the state court must at least provide a hearing to consider the motion.  See 2 Cal.3d 118, 124 (1970).
28

United States District Court
For the Northern District of California

1   court advised Petitioner on the record of the consequences of self-representation, found a knowing

2   and intelligent waiver of the right to counsel, and granted his <u>Farretta</u> motion.  (Resp't Ex. A at 8.)

3        Thereafter, it appears that Petitioner accepted the appointment of Attorney Barbara Thomas

4   sometime during May 2006.  (<u>Id.</u>)  On November 3, 2006, Attorney Thomas represented Petitioner

5   at his preliminary hearing, after his <u>Marsden</u> motion to relieve her was denied.  (<u>Id.</u>)

6        On November 28, 2006, at Petitioner's arraignment on the information, he pled not guilty and

7   denied the prior conviction and enhanced allegations.  (Resp't Ex. B at 5.)  At the arraignment,

8   Petitioner made a <u>Faretta</u> motion for self-representation.  (Resp't Ex. A at 8.)  The motion was

9   denied on the basis that Petitioner had accepted the appointment of counsel after his prior <u>Marsden</u>

10  motion had been granted.  (<u>Id.</u>)  Attorney Thomas then expressed a doubt as to Petitioner's mental

11  competency and proceedings were suspended, pursuant to section 1368.  (<u>Id.</u>)

12       Subsequently, Petitioner was found competent to stand trial.  When proceedings were

13  reinstated on January 26, 2007, Petitioner again renewed his <u>Marsden</u> motion and requested Judge

14  Kenneth Kingsbury to allow him to proceed <u>pro per</u>.  (<u>Id.</u>)

15       On January 26, 2007, criminal proceedings were reinstated, and Petitioner was granted <u>pro</u>

16  <u>per</u> status.  (Resp't Ex. B at 6.)

17       On March 15, 2007, Petitioner filed a demurrer to the information.  (<u>Id.</u>)

18       On March 23, 2007 and March 29, 2007, Petitioner filed two motions requesting the

19  appointment of advisory counsel to assist him with his demurrer to the information.  (<u>Id.</u>)  Both

20  motions were denied.  (<u>Id.</u>)

21       In November 2007, Petitioner filed another motion requesting the appointment of advisory

22  counsel, which was again denied.  (Resp't Ex. A at 9.)

23       On January 28, 2008, Petitioner's case was assigned to Judge Cartwright for a jury trial.  (<u>Id.</u>)

24  Petitioner again requested "advisory counsel, standby counsel or co[-]counsel,[4]" but Judge

25

26       [4] "'Standby counsel' is an attorney appointed for the benefit of the court whose responsibility
    is to step and represent the defendant if that should become necessary because, for example, the

27  defendant's in propria persona status is revoked. [Citations.] 'Advisory counsel,' by contrast, is
    appointed to assist the self-represented defendant if and when the defendant requests help." <u>People</u>

28  <u>v. Blair</u>, 36 Cal.4th 686, 725 (2005).

3

Cartwright noted that a prior judge had denied similar requests and "[she was] not going to re-rule on that." (Id. at 9-10 (footnote in original).)

On February 14, 2008, Petitioner filed a motion pursuant to section 1050 to continue his trial for health reasons. (Resp't Ex. B at 6.) This motion was denied. (Id.)

On February 20, 2008, a jury panel was sworn in, and Petitioner again informed the trial court that he had "a problem with not having an attorney." (Resp't Ex. A at 10.) The trial court did not respond. (Id.)

Later that day, Petitioner "learned that Dr. Blake, a DNA [] expert that [Petitioner] had sought to engage, declined to work with self-represented defendants." (Id.) On February 21, 2008, before opening statements were made, the record reflects the following discussion:

> Mr. Mitchell:  And the other thing I'd like to state for the record before we being is that my participation in these proceeding [is] not in any way to reflect that I am still not asking for an attorney.
>
> The Court:  We've gone through that and I told you I don't want to hear another word about it. We've already decided. You said you wanted to go pro per. That's what you're doing. You're not going to stand up here every single day and put that on the record.
>
> Mr. Mitchell:  I said it was everyday I was going to say I wanted an attorney.
>
> The Court:  We don't need to hear it everyday.
>
> Mr. Mitchell:  The other thing is I do intend on cooperating with the Court. But like I said, I want to state for the record I am doing this under duress and I do want an attorney.
>
> The Court:  Have a seat. That's enough of that.
>
> Mr. Mitchell:  I'm telling the truth.
>
> The Court:  We've heard that 50 times.
>
> Mr. Mitchell:  You're going to hear it 100 times.
>
> The Court:  We understand it. And you're proceeding pro per.
>
> The Prosecutor: I would like to make a clarification, because the request is a little bit different, which is just an attorney where in the past it's been other co-counsel or advisory attorney which is different. And I do think that the defendant should make a clarification for the record if he's requesting an

4

**United States District Court**
For the Northern District of California

| | | |
|---|---|---|
| 1 | attorney or if | he's requesting advisory counsel or to be co-counsel. |
| | Those | are different. |
| 2 | | |
| | The Court: | We've already gone through all of these.  He asked for and |
| 3 | | was given attorney[]s twice.  He got rid of them. |
| 4 | Mr. Mitchell: | The judge got rid of them. |
| 5 | The Court: | After you requested that they do so. |
| 6 | Mr. Mitchell: | Which they don't do unless they see it's valid to do so. |

7     (Resp't Ex. A at 11.)

8          On February 25, 2008, after opening statements had been made, two witnesses had testified,

9     and a third had begun his testimony, Petitioner again requested counsel.  (<u>Id.</u> at 12.)  The trial court

10    denied the request.  (<u>Id.</u>)

11         On February 28, 2008, Petitioner did not go to court, but was sent to the hospital for a

12    medical emergency.  (<u>Id.</u>)  At that time, the trial court decided to continue Petitioner's trial for one

13    month.  (Resp't Ex. B at 7.)  The decision to continue the trial was made without Petitioner being

14    present or any person appearing on his behalf.  (<u>Id.</u>)

15         Thereafter, the trial court reconsidered its previous denials of Petitioner's request for

16    appointment of advisory counsel, apparently on its own motion, and appointed advisory counsel for

17    Petitioner on March 10, 2008.  (Resp't Ex. A at 12.)

18         The trial resumed on April 15, 2008, when Petitioner was medically cleared following

19    surgery on March 7, 2008.  (<u>Id.</u>)  Petitioner returned to court and stated that "he was not prepared, or

20    able to, proceed with the trial and with the pending motion to quash a subpoena that had been issued

21    by [P]etitioner for a defense witness." (Resp't Ex. B at 7.)  The trial court proceeded by granting the

22    motion to quash.  (<u>Id.</u>)

23         On April 16, 2008, Petitioner requested to withdraw his previously entered plea of not guilty

24    and, instead, enter a guilty plea.  (<u>Id.</u>)  The Court rejected Petitioner's request and ordered the trial to

25    continue.  (<u>Id.</u>)

26         On April 28, 2008, the trial court ordered Petitioner to be restrained for the remainder of

27    trial.  (<u>Id.</u>)  The court also declared that Petitioner had concluded his defense.  (<u>Id.</u>)  During the

28

**United States District Court**
For the Northern District of California

1   middle of the prosecution's initial closing argument, Petitioner was removed and was not allowed to

2   make a closing argument.  (<u>Id.</u>)  The court then instructed the jury.  (<u>Id.</u>)

3          On April 29, 2008, the jury convicted Petitioner of eight counts of sexual penetration by a

4   foreign object, three counts of forcible oral copulation, and one count of forcible rape.[5]  (Resp't Ex.

5   A at 1, 6-7.)  The jury also found to be true the enhancement allegations.  (<u>Id.</u> at 7.)  Petitioner was

6   sentenced to a total term of fifty-five years to life in state prison.  (<u>Id.</u>)

7          On July 17, 2008, Petitioner filed an appeal to the California Court of Appeal.  (Pet. at 3;

8   Resp't Ex. B at 8.)  On January 25, 2010, the appellate court affirmed the judgment of conviction.

9   (<u>Id.</u>)

10          On March 3, 2010, Petitioner filed a petition for review in the California Supreme Court

11  raising four claims: (1) the trial court's failure to reappoint counsel violated his right to competent

12  counsel under the Sixth and Fourteenth Amendments; (2) the trial court compelled Petitioner to

13  proceed with counsel that was physically and mentally incapacitated in violation of his Sixth

14  Amendment right to counsel; (3) the shackling and removal of Petitioner from the courtroom

15  violated his rights under the Fifth, Sixth, and Fourteenth Amendments; and (4) Petitioner was denied

16  his Sixth Amendment right to counsel because of "actions taken by advisory counsel."[6]  (Resp't Ex.

17  B at 3.)

18          On May 12, 2010, the California Supreme Court summarily denied review.  (Resp't Ex. C.)

19          On June 6, 2011, Petitioner filed the instant petition raising multiple claims that were

20  incorporated into three main claims.  In Claim One, Petitioner alleges as follows:

21          U.S. Constitution 4th Amendment denial of due process.  Advisory counsel
            assigned with no exploratory interview and no foreknowledge of assignment.
22          Petitioner denied [right] to examine defense expert witness under oath.  Ineffective

23

24          [5] According to Petitioner's state supreme court petition, the jury convicted him of "<u>nine</u>
        counts of sexual penetration by [a] foreign object, <u>two</u> counts of forcible oral copulation, and one
25      count of rape."  (Resp't Ex. A at 6-7 (emphasis added).)  Because the Court is granting the present
        motion to dismiss, it need not address this factual conflict.

26          [6] In Petitioner's fourth claim in his state supreme court petition, he does not elaborate what
        specific "actions" were taken by advisory counsel.  (Resp't Ex. B at 19-21.)  Instead, Petitioner
27      simply states: "The actions that occurred here, individually and cumulatively, deprived [him] of his
        right to counsel . . . ."  (<u>Id.</u> at 21.)
28

**United States District Court**
For the Northern District of California

1
2

[assistance of] advisory counsel.  Petitioner forced to continue trial after open heart surgery before he had recovered from surgery.  Advisory counsel didn't familiarize himself with 1st half of trial.

3   (Pet. at 6.)  Petitioner's Claim Two alleges as follows:

4
5
6

U.S. Constitution 6th Amendment sect. 1.  Petitioner repeatedly denied appointment of counsel request.  Jury not allowed to hear expert witness testimony.  Petitioner prevented from presenting evidence, insufficient opportunity to convalece [sic] and recuperate after hospitalization.  Petitioner denied hearing to determine if petitioner was fit as pro per to continue trial.

7   (Id.)  Finally, Claim Three states as follows:

8
9
10

U.S. Constitution 14th Amendment.  Not be deprived . . . of liberty . . . without due process of law and a just trial.  Petitioner is prejudiced by the resulting circumstances undermining credibility by the crime being 6 yrs old when petitioner was charged.  Petitioner denied to be present at & during all proceedings of trial.  Petitioner deprived of equal protection of the laws.

11   (Id.)

12      On August 17, 2011, this Court issued an Order to Show Cause upon finding that it does not

13   appear from the face of the petition that it is without merit.

14      On September 13, 2011, Respondents filed the instant motion to dismiss.

15      In an Order dated June 6, 2012, the Court denied Petitioner's motion for appointment of

16   counsel.

17      On August 6, 2012, Petitioner filed his opposition, after being granted multiple extensions of

18   time to do so.  In his opposition, Petitioner filed a renewed request for appointment of counsel and a

19   "request for an order for CDC[R] staff to return Petitioner's missing property i.e. legal documents,

20   research notes, trial transcripts, appellate record, exhibits and Respondents['] pleadings."  (Opp'n at

21   8.)

22      On August 13, 2012, Respondents filed their reply to Petitioner's opposition and indicated in

23   their reply that they sent another copy of their motion to dismiss to Petitioner.

24                                    **DISCUSSION**

25   I.    **Respondents' Motion to Dismiss**

26      Respondents argue that Petitioner has failed to exhaust state remedies with respect to some

27   of the claims raised in the instant federal petition.  Therefore, they claim that the action must be

28

7

dismissed as a mixed petition -- containing exhausted and unexhausted claims -- under Rose v. Lundy, 455 U.S. 509, 510 (1982).

The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  See id. at 522.  However, if the petition is without merit the district court may deny it even if it includes unexhausted claims, see 28 U.S.C. § 2254(b)(2), and the court may stay mixed petitions to allow the petitioner to exhaust in state court.  Rhines v. Weber, 544 U.S. 269, 277 (2005).[7]  It is unnecessary for the petitioner to delete the unexhausted issues before the court issues a stay, as previously required by Ninth Circuit cases, although the court has not considered the continuing propriety of that procedure.  Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

When faced with a post-AEDPA mixed petition, the district court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition.  Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277 (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date the second habeas petition was filed).  If the petitioner chooses to proceed with only exhausted claims, he runs the risk of forfeiting his unexhausted claims under abuse-of-the-writ principles.  See Lundy, 455 U.S. at 521.

The district courts retain the same degree of discretion they had before Rhines to implement the three-step procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), particularly when "'outright dismissal [of an entire mixed petition would] render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [AEDPA].'"  King v. Ryan,

---

[7] The Supreme Court has noted that "it would likely be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 544 U.S. at 277-78.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

564 F.3d 1133, 1141-42 (9th Cir. 2009) (citing <u>Kelly</u>, 315 F.3d at 1070).[8]  A petitioner seeking to

avail himself of the <u>Kelly</u> three-step procedure is not required to show good cause, as under <u>Rhines</u>;

rather, petitioner must show that the amendment of any newly exhausted claims back into the

petition satisfies both <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005), by sharing a "common core of

operative facts" and <u>Duncan v. Walker</u>, 533 U.S. 167 (2001), by complying with the statute of

limitations.  <u>Id.</u> at 1141-43 (finding district court's dismissal of unexhausted claims was improper

because petitioner was not required to show good cause to avail himself of the <u>Kelly</u> three-part

procedure but affirming the dismissal as harmless because the unexhausted claims did not relate

back to the claims in the original petition that were fully exhausted at the time of filing).

Here, Respondents move to dismiss the petition on the ground that some of Petitioner's

claims are not exhausted because they were not presented to the California Supreme Court for

review.  In support of the motion, Respondents have filed a copy of Petitioner's petition for review

filed in the California Supreme Court.  This documentation shows that while Petitioner presented

some of his claims listed in the instant federal petition to the California Supreme Court, he did not,

in fact, present all of his claims.  Therefore, as explained below, the action must be dismissed as a

mixed petition under <u>Rose</u>.

The Court finds that Petitioner failed to present some of his federal claims to the California

Supreme Court for review.  In particular, some of the claims included in Claim One of his federal

petition allege that Petitioner had advisory counsel assigned to him without an opportunity for him

to have an "exploratory interview" with counsel, that advisory counsel was "ineffective," and that he

was denied the right to examine a defense expert witness under oath.  (Pet. at 6.)  These particular

claims are absent from his state supreme court petition.  Considering the claims included in Claim

Two, Petitioner did not present his claim that the jury was not allowed to hear expert witness

testimony to the state supreme court.  (<u>Id.</u>)  Petitioner's Claim Three of his federal petition alleges

---

[8] "Pursuant to the <u>Kelly</u> procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  <u>King</u>, 564 F.3d at 1134 (citing <u>Kelly</u>, 315 F.3d at 1070-71).

that he was "prejudiced by the resulting circumstances undermining credibility" since the crime he was charged with was six years old when he was prosecuted. (Id.) Again, this claim was also not raised by Petitioner in his state supreme court petition.

Having concluded that Petitioner did not exhaust the aforementioned claims in the California Supreme Court, the Court GRANTS Respondent's motion to dismiss the petition as a mixed petition that contains both exhausted and unexhausted claims. See Rhines, 544 U.S. at 273. Before entering a judgment of dismissal, however, the Court must provide Petitioner an opportunity to amend the mixed petition by striking his unexhausted claims as an alternative to suffering dismissal. Jefferson, 419 F.3d at 1016 (citing Rhines, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition while Petitioner returns to state court to exhaust his unexhausted claims. See Rhines, 544 U.S. at 277. Accordingly, Petitioner may choose either to amend his petition and proceed only with his exhausted claims, or request a stay of the petition while he exhausts his unexhausted claims in state court. A stay will not be granted, however, unless Petitioner can show there was good cause for his failure to exhaust his remaining claims in state court and these claims are potentially meritorious. See id.

Petitioner must notify the Court of his choice within **twenty-eight (28) days** from the date of this Order, as set forth below. His failure to do so will result in the dismissal of this petition without prejudice as a mixed petition.

**II.    Petitioner's Pending Requests**

Also before the Court is Petitioner's renewed request for appointment of counsel to represent him in this action. The Court previously denied Petitioner's first request for appointment of counsel. Petitioner now appears to argue that the underlying claims in the petition are sufficiently complex that appointment of counsel is warranted. Any discussion of the merits of the claims is premature, however, because the petition is unexhausted. The Court has explained thoroughly in this Order the exhaustion status of the petition, and Petitioner's options with respect thereto, and the decision he must make is not unduly complex. Accordingly, Petitioner's renewed request for appointment of counsel is DENIED.

10

United States District Court
For the Northern District of California

1    Finally, Petitioner requests the Court to order CDCR staff to return his "missing property," as

2    explained above.  (Opp'n at 8.)  This motion is DENIED as premature for the same reasons outlined

3    above as to Petitioner's request for appointment of counsel.  As explained above, the Court has

4    granted Respondents' motion to dismiss, and thus, it will not reach the merits of Petitioner's claims.

5    Petitioner can make his decision on how to proceed with his mixed petition without having access to

6    his alleged "missing property," including his legal materials.  In fact, the record shows he was able

7    to draft his opposition without having such access to his legal materials.  In addition, Petitioner has

8    not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison.

9    See Turner v. Safley, 482 U.S. 78, 84-86 (1987); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir.

10   1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of

11   constitution).

12                                          **CONCLUSION**

13   For the reasons stated above, the Court hereby orders as follows:

14   1.    Respondents' motion to dismiss (docket no. 14) is GRANTED.

15   2.    No later than **twenty-eight (28) days** from the date of this Order, Petitioner shall

16   either: (1) file an amended petition that includes only his exhausted claims and strikes the remaining

17   unexhausted claims,[9] or (2) file a request for a stay of this matter while he exhausts his unexhausted

18   claims in state court.

19   3.    If Petitioner chooses to file an amended petition, he must include the caption and civil

20   case number used in this Order, Case No. C 11-02705 SBA (PR), as well as the words FIRST

21   AMENDED PETITION on the first page; Petitioner shall not incorporate material from the original

22   petition by reference.

23   4.    If Petitioner fails to file either an amended petition or a request for a stay as ordered

24   herein by the twenty-eight-day deadline, the petition will be dismissed as a mixed petition.  The

25   dismissal is without prejudice to Petitioner filing a new petition that contains only exhausted claims.

26   _____

27        [9]  If Petitioner chooses this option he probably will not be able to file a future federal petition containing the issues which are presently unexhausted, even if he exhausts them in the future, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

28

                                            11

Should Petitioner do so, he is advised to file his new federal habeas corpus petition as soon as possible after his state court proceedings have concluded.  The Court makes no ruling at this time on the issue of the timeliness of any future federal petition.

     5.     Petitioner's renewed request for appointment of counsel is DENIED.

     6.     Petitioner's request that the Court order CDCR staff to return his "missing property" is DENIED.

     7.     This Order terminates Docket no. 14.

     IT IS SO ORDERED.

DATED: 9/28/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

*United States District Court*
*For the Northern District of California*

1  UNITED STATES DISTRICT COURT

2  FOR THE

3  NORTHERN DISTRICT OF CALIFORNIA

4

5

6  PAUL MITCHELL,                                    Case Number: CV11-02705 SBA

7             Plaintiff,                             **CERTIFICATE OF SERVICE**

8     v.

9  ANTHONY HEDGEPETH et al,

10            Defendant.
   _____/

11

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

13

14  That on October 11, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
15  located in the Clerk's office.

16

17

18  Paul Mitchell G-21965
    Richard J. Donovan Correctional Facility (RJD)
19  California Department of Corrections and Rehabilitation
    P.O. Box 794004
20  San Diego, CA 92179

21  Dated: October 11, 2012
                                                    Richard W. Wieking, Clerk
22                                                  By: Lisa Clark, Deputy Clerk

23

24

25

26

27

28

G:\PRO-SE\SBA\HC.11\Mitchell2705.grantMTD.wpd        13

*United States District Court*
*For the Northern District of California*