IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL MITCHELL,

    Petitioner,

v.

DANIEL PARAMO, Warden,

    Respondent.

No. C 11-2705 SBA (PR)

**ORDER GRANTING PETITIONER'S REQUEST TO STAY ACTION**

(Dkt. 45)

    Petitioner Paul Mitchell, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. On August 17, 2011, this Court ordered Respondent to show cause why the petition should not be granted, or to file a dispositive motion if appropriate. On September 13, 2011, Respondent moved to dismiss the petition as a mixed petition containing both exhausted and unexhausted claims. Petitioner requested several extensions of time to file his opposition to the motion to dismiss, which the Court granted. On August 6, 2012, Petitioner filed his opposition.

    In an Order dated September 28, 2012, the Court granted the motion to dismiss and indicated that the following claims were unexhausted: (1) Petitioner did not have an opportunity to have an "exploratory interview" with the advisory counsel that was assigned to him; (2) Petitioner's advisory counsel was ineffective; (3) Petitioner was denied the right to question a defense expert under oath; (4) the jury was not allowed to hear the defense expert's testimony; and (5) Petitioner was prejudiced by the fact that his trial took place six

years after the crime he was charged with occurred. (Dkt. 44.) The Court ordered Petitioner to determine how he wanted to proceed with regard to his unexhausted claims; i.e., either to file an amended petition containing only exhausted claims, or to stay the action while he exhausts his unexhausted claims in state court.

Thereafter, on October 15, 2012, Petitioner filed (1) a motion for leave to file additional information to his opposition to the motion to dismiss (Dkt. 45) and (2) a declaration indicating that he wishes to stay his petition while he exhausts his unexhausted claims in state court (Dkt. 47).

For the reasons stated below, Petitioner's request to stay his petition is granted and his motion to file additional information in support of his opposition to Respondent's motion to dismiss shall be denied as moot.

## DISCUSSION

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

District courts have the authority to issue stays and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) does not deprive them of that authority. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the

1  potential to undermine these dual purposes of AEDPA, its use is only appropriate where the
2  district court has first determined that there was good cause for the petitioner's failure to
3  exhaust the claims in state court and that the claims are potentially meritorious.  Id.
4  Moreover, where granting a stay, the district court must effectuate the timeliness concerns in
5  AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at
6  278.  Prisoners who may run the risk of having the federal statute of limitations expire while
7  they are exhausting their state remedies may avoid this predicament "by filing a 'protective'
8  petition in federal court and asking the federal court to stay and abey the federal habeas
9  proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416
10 (2005) (citing Rhines, 544 U.S. at 277-78).

11       In his declaration, Petitioner provides the following explanations regarding why he
12 did not previously exhaust all of his claims in state court: (1) he was recovering from a heart
13 attack which required that he undergo open heart surgery, and as such, he was not physically
14 and cognitively able to undertake the legal activities required to file all of his habeas claims
15 in state court; and (2) he lacked access to a law library and legal materials and therefore
16 could not determine what claims to exhaust in state court.  The Court finds Petitioner has
17 provided good cause to explain his failure to exhaust claims that are potentially meritorious.
18 Accordingly, the Court grants Petitioner's request to stay the petition in order to allow him to
19 exhaust his unexhausted claims in state court, subject to the conditions set forth below.
20 Because a stay of this petition is granted, Petitioner's motion to file additional information in
21 opposition to Respondent's motion to dismiss is denied as moot.

## CONCLUSION

23 For the foregoing reasons,
24 IT IS HEREBY ORDERED THAT:
25     1.    Petitioner's request to stay the proceedings is GRANTED.  Petitioner must act
26 diligently in exhausting his state judicial remedies, or the stay may be lifted.  He must file
27 quarterly status reports describing the progress of his state court proceedings, commencing
28

**thirty (30) days** from the filing date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts.

2. Plaintiff's motion to file additional material to support his opposition to the motion to dismiss is DENIED AS MOOT.

3. The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **thirty (30) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claim.

4. This Order terminates Docket no. 45.

IT IS SO ORDERED.

DATED: 2/14/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

4

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

6  PAUL MITCHELL,                          Case Number: CV11-02705 SBA
7              Plaintiff,                  **CERTIFICATE OF SERVICE**
8     v.
9  ANTHONY HEDGEPETH et al,
10             Defendant.
                                        /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 19, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul Mitchell G-21965
Richard J. Donovan Correctional Facility (RJD)
California Department of Corrections and Rehabilitation
P.O. Box 794004
San Diego, CA 92179

Dated: February 19, 2013

　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\HC.11\Mitchell 11-2705.GRANTstay&ADclose.wpd

5