UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAUL MITCHELL,<br><br>          Petitioner,<br><br>   vs.<br><br>BRIAN DUFFY, Warden,<br><br>          Respondent. | Case No:  C 11-2705 SBA (PR)<br><br>**ORDER DIRECTING PETITIONER TO FILE AN AMENDED PETITION; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Petitioner, a state prisoner, previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On February 19, 2013, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his state judicial remedies.  The Court Order stated:  "Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within thirty (30) days of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly exhausted claim."  Dkt. 48 at 4.

On July 18, 2014, Petitioner informed the Court that his state proceedings had concluded; however, he did not amend the stayed petition to add the newly-exhausted claims.  Therefore, Petitioner must file an amended petition in this Court which incorporates the newly-exhausted claims he intends to raise in federal court, as directed below.

Also before the Court is Petitioner's motion for appointment of counsel.  Dkt. 64.  The Sixth Amendment right to counsel does not apply in habeas corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the

court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

The appointment of counsel is the exception rather than the rule, and is generally limited to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

At this juncture, it is not apparent that the appointment of counsel is warranted on any of the grounds set forth above.  Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's motion is DENIED.  This denial is without prejudice to the Court's sua sponte reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

**CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.	No later than **twenty-eight (28) days** of the date of this Order, Petitioner must file an amended petition in this Court which incorporates the newly-exhausted claims he intends to raise in federal court.  The Court will lift the stay on the date that Petitioner files his amended petition.  Petitioner must submit the amended petition on the attached blank habeas petition form, clearly label the petition as the "Amended Petition," and write in the case number for this action on the form – Case No. C 11-2705 SBA (PR).  He should also attach to

his amended petition a copy of his petition to the California Supreme Court, if the document is available to him.  If Petitioner fails to file an amended petition within the prescribed period, the Court will dismiss this action without prejudice for failure to prosecute.

2.     Petitioner's motion for appointment of counsel is DENIED without prejudice. Dkt. 64.

3.     The Clerk of the Court shall send Petitioner a blank § 2254 habeas petition form.

4.     This Order terminates Docket no. 64.


IT IS SO ORDERED.

Dated:  11/12/14

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.11\Mitchell2705FileAmendedPet&AttyDenial-revised.docx