UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MITCHELL,<br><br>    Petitioner,<br><br>    v.<br><br>BRIAN DUFFY, Warden,<br><br>    Respondent. | Case No. 11-cv-02705-SBA (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION; AND GRANTING LEAVE TO FILE SUPPLEMENTAL OPPOSITION TO MOTION TO DISMISS** |

    Petitioner, a state prisoner acting pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The operative petition is Petitioner's first amended petition ("FAP"). Dkt. 75. This matter is now before the Court on Respondent's motion to dismiss the FAP for failure to exhaust state remedies. Dkt. 80. Also before the Court is Petitioner's motion for reconsideration of the denial of his renewed motion for appointment of counsel. Dkt. 89.

## MOTION FOR RECONSIDERATION

    On May 27, 2015, the Court denied Petitioner's renewed request for appointment of counsel upon finding that the interests of justice did not require such an appointment. Dkt. 81 at 2. On September 21, 2005, Petitioner filed a letter again requesting appointment of counsel, which the Court construes as a motion for reconsideration of its May 27, 2015 ruling. Dkt. 89.

    In this District, a party must seek and obtain leave of court prior to filing a motion for reconsideration. Civ. L.R. 7-9. Under Local Rule 7-9, the movant must show a material change in fact or law or that a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Id. 7-9(b). Here, Petitioner failed to comply with Local Rule 7-9, which, standing alone, is sufficient to deny his motion. Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a

1   failure to comply with local rules is well within a district court's discretion.").[1]  Even if the
2   motion for reconsideration is construed as a motion for leave to file a motion for
3   reconsideration, Petitioner fails to make the requisite showing under Local Rule 7-9.
4   Moreover, Plaintiff's motion fails to demonstrate that the interests of justice require the
5   appointment of counsel.  *See* 18 U.S.C. § 3006A (a)(2)(B) (authorizing district court to
6   appoint counsel whenever "the court determines that the interests of justice so require").
7   The motion for reconsideration is therefore DENIED.

## LEAVE TO FILE SUPPLEMENTAL OPPOSITION

Respondent's motion to dismiss remains pending on this Court's docket.  On October 1, 2015, Petitioner submitted a document styled as, "Traverse to Respondent[']s Motion to Dismiss," which the Court construes to be his opposition to the motion to dismiss.  Dkt. 91.  In his opposition, Petitioner indicates that he has been waiting for the Court to rule on "a motion he [had] submitted to the court."  Dkt. 91 at 1.  Though not entirely clear, Petitioner appears to refer to his motion for reconsideration.  Petitioner also claims that his "priority access" to the prison's law library was "rescinded" and "contribute[d] to the substandard format of [his] traverse."  Id. at 1.  Petitioner requests the Court to "respond to the motion he sent . . . ."  Id. at 6.

In view of the Court's ruling on Petitioner's motion for reconsideration, his request for a ruling on that motion is DENIED as moot.  Since it appears that Petitioner did not file a substantive response to Respondent's motion to dismiss due to the pendency of his motion for reconsideration, the Court, in the interests of justice, GRANTS Petitioner additional time to file an opposition that addresses the merits of Respondent's motion to dismiss.  Petitioner shall file a supplemental opposition no later than **twenty-eight (28) days** from the date of this Order.  Respondent shall file a supplemental reply no later than **fourteen (14) days** after the date the supplemental opposition is filed.  **No further extensions of time will be granted in this case absent exigent circumstances.**

---

[1] Pro se litigants are obligated to follow the same rules as represented parties.  See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

2

1    IT IS SO ORDERED.

2

3    Dated: 12/1/15

                                            *Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
4    Senior United States District Judge

5

6    P:\PRO-SE\SBA\HC.11\Mitchell2705.DenyReconsAttyDenial&GrantLv2FileSuppOppn_v2.docx

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28