UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAUL MITCHELL,<br>　　　　　Petitioner,<br>　v.<br>ROBERT W. FOX, Warden,[1]<br>　　　　　Respondents. | Case No.  11-cv-02705-SBA (PR)<br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; AND REQUIRING ELECTION BY PETITIONER** |

## I.  INTRODUCTION

Petitioner Paul Mitchell, a state prisoner incarcerated at the California Medical Facility, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The parties are presently before the Court on Respondent's motion to dismiss the petition for failure to exhaust state remedies.  Dkt. 80.  Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court GRANTS Respondent's motion.  However, before dismissing the petition, the Court directs Petitioner to make an election as to how to proceed with respect to his unexhausted claims.

## II.  BACKGROUND

In 2008, an Alameda County Superior Court jury convicted Petitioner of eight counts of sexual penetration by a foreign object, three counts of forcible oral copulation, and one count of forcible rape.  Dkt. 80-1 at 2, 7-8.  The jury also found true the enhancement allegations.  Id. at 8.  Petitioner was sentenced to a total term of fifty-five years to life in state prison.  Id.

On July 17, 2008, Petitioner filed an appeal to the California Court of Appeal.  Dkt. 1 at 3; Dkt. 80-2 at 13.  On January 25, 2010, the appellate court affirmed the judgment of

---

[1] Robert W. Fox, the current warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

conviction. Id.; Dkt. 80-1 at 45.

On March 3, 2010, Petitioner filed a petition for review in the California Supreme Court raising four claims: (1) the trial court's failure to reappoint counsel violated his right to competent counsel under the Sixth and Fourteenth Amendments; (2) the trial court compelled Petitioner to proceed with counsel that was physically and mentally incapacitated in violation of his Sixth Amendment right to counsel; (3) the shackling and removal of Petitioner from the courtroom violated his rights under the Fifth, Sixth, and Fourteenth Amendments; and (4) Petitioner was denied his Sixth Amendment right to counsel because of "actions taken by advisory counsel." Dkt. 80-2 at 8.

On May 12, 2010, the California Supreme Court summarily denied review. Dkt. 80-3 at 2.

On April 17, 2013, Petitioner filed the instant federal action. Dkt. 1. On February 19, 2013, the Court stayed proceedings pending Petitioner's exhaustion of his state judicial remedies. Dkt. 48.

On April 8, 2014, Petitioner filed a state court petition in the California Supreme Court raising five claims: (1) the trial court denied Petitioner an "exploratory interview" with advisory counsel prior to counsel's assignment towards the end of Petitioner's trial; (2) ineffective assistance of advisory counsel; (3) the trial court denied Petitioner the right to question a "key DNA expert witness"; (4) the trial court denied Petitioner's request to present defense expert witness testimony; and (5) Petitioner was prejudiced by the fact that his trial took place six years after the crime he was charged with occurred. Dkt. 80-4 at 4-8.

On June 18, 2014, the California Supreme Court summarily denied the petition. Dkt. 80-5 at 2.

On March 6, 2015, Petitioner filed his First Amended Petition, alleging the following twelve claims: (1) the trial court's failure to reappoint counsel violated his right to competent counsel under the Sixth and Fourteenth Amendments; (2) the trial court compelled Petitioner to proceed with counsel that was physically and mentally incapacitated in violation of his Sixth Amendment right to counsel; (3) the shackling and

removal of Petitioner from the courtroom violated his rights under the Fifth, Sixth, and Fourteenth Amendments; (4) the trial court erred by failing to instruct the jury with CALJIC No. 1.04; (5) Petitioner was denied his Sixth Amendment right to counsel because of "actions taken by advisory counsel"; (6) the trial court denied Petitioner an "exploratory interview" with advisory counsel prior to counsel's assignment towards the end of Petitioner's trial; (7) ineffective assistance of advisory counsel; (8) the trial court denied Petitioner the right to question a "key DNA expert witness"; (9) the trial court denied Petitioner's request to present defense expert witness testimony; (10) Petitioner was prejudiced by the fact that his trial took place six years after the crime he was charged with occurred; (11) ineffective assistance of appellate counsel; and (12) cumulative effect of all the errors requires reversal.  Dkt. 75 at 5-8.

On April 14, 2015, the Court lifted the stay on Petitioner federal habeas proceedings and directed Respondent to show cause why a writ of habeas corpus should not be issued. Dkt. 77.

Now pending is Respondent's motion to dismiss the Amended Petition.  Dkt. 80. Respondent does not dispute that nine of the twelve claims in the Amended Petition have been exhausted.  However, Respondent argues that Claims Four, Eleven and Twelve are unexhausted because they were not properly presented to the California Supreme Court. Id. at 3-4.  Petitioner opposes the motion by filing an opposition and a supplemental opposition.  Dkts. 91. 96, 99.  Respondent has filed a reply and a supplemental reply. Dkts. 92, 100.[2]

---

[2] After Respondent filed the supplemental reply, Petitioner filed a four-page handwritten document entitled, "Motion to Submit Relevant Information."  Dkt. 101. Because the Local Rules do not permit the filing of a response to a reply, see Civ. L.R. 7-3(d), the Court liberally construes Petitioner's motion as a request for leave to file a surreply.  However, the Court finds that Petitioner does not present any information in this motion that is relevant to the issue of exhaustion.  Though difficult to decipher, Petitioner's motion seems to complain about the difficulties of pursuing this habeas action without an attorney and assert that his claims have merit.  See Dkt. 101 at 1-4.  As such, Petitioner has not shown, nor is there any indication in the record, that a surreply is either necessary or appropriate.  Accordingly, Petitioner's request is DENIED.  Dkt. 101.

### III. DISCUSSION

#### A. LEGAL STANDARD

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). The petitioner has the burden of pleading exhaustion in his or her habeas petition. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

If a federal habeas petition contains both exhausted and unexhausted claims, the petition is referred to as a "mixed" petition. Where a petition is "mixed," the entire petition must be dismissed without reaching the merits of any of its claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, the district court may instruct the petitioner to choose between two alternatives—he can (1) dismiss his unexhausted claims and proceed in federal court only with his exhausted claims, or (2) request the district court to dismiss the entire petition without prejudice and exhaust his unexhausted claims in state court before returning to federal court. Brambles v. Duncan, 412 F.3d 1066, 1069-71 (9th Cir. 2005).

Additionally, district courts have the authority to stay a mixed petition. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). The discretion to stay a mixed petition is limited by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id.

Moreover, when granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable time limits on a petitioner's trip to state court

4

and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78). Therefore, a petitioner can request the district court to stay an unexhausted petition while he exhausts his unexhausted claims in state court. A petitioner need not delete his unexhausted claims before asking the district court to issue a stay. Jackson v. Roe, 425 F.3d 654, 659-61 (9th Cir. 2005).

As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). A claim is fairly presented only if the petitioner either referenced specific provisions of the federal constitution or federal statutes, or cited to federal or state case law analyzing the federal issue. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). The specific factual basis of the federal claim also must be presented to the highest state court. Kelly v. Small, 315 F.3d 1063, 1067-69 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).

Ordinarily a state prisoner does not fairly present a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim. Baldwin v. Reese, 541 U.S. 27, 30-34 (2004). In essence, a state prisoner must present his federal constitutional issue within the "four corners of his appellate briefing." Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

**B. ANALYSIS**

Petitioner filed a petition for review and a state habeas petition in the California Supreme Court. Dkts. 80-2, 80-4. In comparing Petitioner's California Supreme Court petition for review with the Amended Petition in this action, compare Dkt. 80-2 at 2 with Dkt. 75 at 9, the Court concurs with Respondent that Claims One through Three and Claim

Five have been exhausted. Likewise, in comparing Petitioner's state supreme court habeas petition with the Amended Petition in this action, compare Dkt. 80-4 at 4-8 with Dkt. 75 at 6-8, the Court concurs with Respondent that Claims Six through Ten have been exhausted.

In his opposition and supplemental oppositions, Petitioner does not deny that Claims Four, Eleven and Twelve are unexhausted. Instead, Petitioner rehashes the merits of his claims. Dkt. 91 at 2-6; Dkt. 99 at 21-23. Though not entirely clear, it appears that Petitioner is indicating that he wishes to pursue all twelve claims raised in his Amended Petition, as opposed to limiting his claims to those that he previously exhausted. *See* Dkt. 99 at 23. However, Petitioner does not elaborate on whether he is requesting a stay in order to exhaust his unexhausted claims.

Respondent argues that while nine of the twelve claims in his Amended Petition are exhausted, dismissal of the petition is still appropriate because three claims are unexhausted. The Court construes Respondent's argument as a request to dismiss the petition as a mixed petition. Under Lundy, the Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See 455 U.S. at 522; cf. 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust). The Court therefore agrees that the petition is subject to dismissal as a mixed petition. See Rhines, 544 U.S. at 273.

The above notwithstanding, the Court is reticent to summarily dismiss the petition. AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. As such, a later-filed petition could be subject to dismissal as time-barred. Instead, the Court will afford Petitioner an opportunity to elect whether to proceed with his nine exhausted claims, or to attempt to exhaust his remaining unexhausted claims (i.e., Claims Four, Eleven and Twelve) in state court before having this Court consider all his claims. Accordingly, before entering a judgment of dismissal, the Court will allow Petitioner to choose whether he desires to:

  (1) Dismiss the three unexhausted claims (Claims Four, Eleven and Twelve) and go forward in this action with only the remaining nine exhausted claims; or

>    (2)  Terminate this action and return to state court to exhaust his three unexhausted claims before filing a new federal habeas action containing a petition with only exhausted claims; or
>
>    (3)  Request a stay of the proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court. If Petitioner chooses this option, he will be required to show that there was good cause for his failure to exhaust those claims in state court and that they are potentially meritorious claims.

Petitioner is cautioned that each of the choices has risks which he should take into account before making his election. If he chooses option (1) and proceeds with only his exhausted claims, any subsequent federal habeas petition he might file would be subject to dismissal as a second or successive petition. See 28 U.S.C. § 2244(b). If he chooses option (2), terminating this action and waiting until all his claims are exhausted before filing a new federal petition, his new federal petition could be dismissed as untimely. See 28 U.S.C. §2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and if the motion is granted then he must act diligently to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this Court. As mentioned above, in Rhines, the United States Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions and cautioned district courts against being too liberal in allowing a stay.[3] The Court reasoned that a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines

---

[3] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the incorporation of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141-43.

7

AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." 544 U.S. at 277. Any stay must be limited in time to avoid indefinite delay. Id. A reasonable time limit generally is thirty days for returning to state court, and twenty-eight days to return to federal court after the final rejection of the claims by the state court. See id. at 278; Kelly, 315 F.3d at 1071. Therefore, if Petitioner chooses option (3) and if the Court grants the stay, then he must act diligently to pursue his unexhausted claims in the California Supreme Court and to notify this Court within twenty-eight days of the California Supreme Court's final decision. See id. A failure by Petitioner to act with diligence after obtaining a stay could result in the Court's dismissal of this petition.

## IV.   CONCLUSION

Accordingly, Petitioner must notify the Court of his choice within **twenty-eight (28) days** from the date of this Order, as set forth below. His failure to do so will result in the dismissal of this petition without prejudice for failure to exhaust state judicial remedies.

For the reasons stated above,

1.   Respondent's motion to dismiss petition as unexhausted is GRANTED. Dkt. 80.

2.   The Court finds that the instant petition is a mixed petition and directs Petitioner to make an election as to how to proceed with his unexhausted claims (Claims Four, Eleven and Twelve). Within **twenty-eight (28) days** of the date of this Order, Petitioner must serve on Respondent and file with the Court a statement of his intent either: (1) to dismiss the unexhausted claims and go forward in this action with only the exhausted claims; (2) to terminate this action and return to state court to complete the exhaustion of Claims Four, Eleven and Twelve before returning to federal court to present all of his claims in a new petition; or (3) to request a stay of these proceedings while he exhausts his state judicial remedies. If Petitioner chooses option (3), he must show he satisfies the Rhines criteria (i.e. he explains why he failed to exhaust his unexhausted claims previously in state court and why the claims are potentially meritorious) or he must

comply with the King/Kelly requirements, see supra fn. 2.

**If Petitioner fails to comply with this Order by the twenty-eight-day deadline, this action will be dismissed without prejudice to filing a new federal habeas action containing a petition with only exhausted claims.**

3. Petitioner's "Motion to Submit Relevant Information," which has been construed as a request for leave to file a surreply, is DENIED. Dkt. 101.

4. This Order terminates Docket Nos. 80 and 101.

IT IS SO ORDERED.

Dated: 3/10/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

P:\PRO-SE\SBA\CR.11\Mitchell2705.grantMTD(exh-needELECTION)-rev.docx

9