UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PAUL MITCHELL,

Petitioner,

v.

ROBERT W. FOX, Warden,

Respondents.

Case No. 11-cv-02705-SBA (PR)

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO STAY ACTION**

## I. BACKGROUND

Petitioner commenced the instant habeas action to challenge his state court criminal conviction and judgment. In an Order dated March 11, 2016, the Court granted Respondent's motion to dismiss the petition as a mixed petition. The Court directed Petitioner to make an election regarding how he intended to proceed in light of the unexhausted claims. Dkt. 103 at 8. Petitioner was instructed to file a statement of his intent either:

> (1) to dismiss the unexhausted claims and go forward in this action with only the exhausted claims; (2) to terminate this action and return to state court to complete the exhaustion of Claims Four, Eleven and Twelve before returning to federal court to present all of his claims in a new petition; or (3) to request a stay of these proceedings while he exhausts his state judicial remedies.

Id. Petitioner was further instructed as follows: "If Petitioner chooses option (3), he must show he satisfies the Rhines[1] criteria (i.e. he explains why he failed to exhaust his unexhausted claims previously in state court and why the claims are potentially meritorious) or he must comply with the King[2]/Kelly[3] requirements . . . ." Id. (footnotes

[1] Rhines v. Webber, 544 U.S. 269 (2005).

[2] King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

[3] Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

United States District Court
Northern District of California

added).

Petitioner has submitted a request "to be allowed to select 3[rd] option of the 3 the Court order advised [he] could select from." Dkt. 105 at 1. However, he fails to explain how he satisfies the Rhines criteria or show that he complies with the Kelly/King requirements.

**II. DISCUSSION**

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Petitioners may seek a stay of the petition pursuant to Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), under which a prisoner may file a protective petition in federal court and request the court to stay federal habeas proceedings until all state remedies are exhausted. District courts have the authority to issue stays, notwithstanding the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Rhines v. Webber, 544 U.S. 269, 277-278 (2005). There are two kinds of stays available in a habeas action: the Rhines stay and the King/Kelly stay. A stay under Rhines, "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. Any such stay must be limited in time to avoid indefinite delay. Id.

A King/Kelly stay provides an alternative method of addressing cases where a petitioner has some unexhausted claims he desires to present in his federal habeas action. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled

on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 659 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141.

Here, though not entirely clear, it appears that Petitioner seeks a stay pursuant to Rhines. See Dkt. 105. As explained above, under Rhines, a mixed petition may be stayed only if: "(1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (citations omitted). Good cause does not require "extraordinary circumstances." Id. at 1024. However, the failure to exhaust based on reasons such as the petitioner believed that his counsel included all of the issues raised before the California Court of Appeal in his petition to the California Supreme Court does not constitute good cause. Id. Such a broad interpretation of "good cause" would allow routine stays of mixed petitions and would undermine the goals of AEDPA, which authorizes stays of habeas petitions only in "limited circumstances." Id. The burden is on the petitioner to demonstrate good cause for his failure to exhaust state court remedies, to show that the unexhausted claims are not "plainly meritless," and to demonstrate that he has not engaged in abusive litigation tactics. Jackson v. Roe, 425 F.3d 654, 662 (9th Cir. 2005).

Here, the Court previously granted Petitioner a lengthy stay pursuant to Rhines—from February 19, 2013 through the date the stay was lifted on April 14, 2015—affording

him a total of two years to exhaust Claims Four, Eleven and Twelve. Dkt. 48. Petitioner has not shown good cause for a second stay. See Rhines, 544 U.S. at 277.

Based on the foregoing, the Court finds that Petitioner has not met the Rhines requirements for a second stay. Accordingly, Petitioner's request for a second Rhines stay is DENIED. However, in the interests of justice, the denial is without prejudice to filing a renewed motion for a stay so that Petitioner may show whether he complies with the Kelly/King requirements outlined above. As an alternative to filing a renewed motion for a stay, Petitioner may instead move to dismiss his unexhausted claims and move forward on the exhausted claims, as explained below.

## III. CONCLUSION

For the reasons stated above,

1. Petitioner's motion for a stay is DENIED without prejudice. Dkt. 105. No later than **twenty-eight (28) days** from the date of this Order, Petitioner may file a renewed motion for a stay which explains how he complies with the King/Kelly requirements.

2. If Petitioner does not file a renewed motion for a stay, then no later than **twenty-eight (28) days** from the date of this Order, he may file a motion to dismiss his unexhausted claims (Claims Four, Eleven and Twelve) and move forward with his remaining exhausted claims.

3. Petitioner must file either a renewed motion for a stay or a motion to dismiss his unexhausted claims within twenty-eight days from the date of this Order. If Petitioner fails to do so by the twenty-eight-day deadline, this action will be dismissed without prejudice to filing a new federal habeas action containing a petition with only exhausted claims.

4. This Order terminates Docket no. 105.

IT IS SO ORDERED.

Dated: 6/23/16

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

P:\PRO-SE\SBA\HC.11\Mitchell2705.DenyRhinesStay-afterELECTION_KFFrev.docx