UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL MITCHELL,
    Petitioner,
v.
BRIAN DUFFY, Warden,
    Respondent.

Case No. 11-cv-02705-SBA (PR)

**ORDER DISMISSING AMENDED PETITION AS A MIXED PETITION**

Petitioner Paul Mitchell, a state prisoner incarcerated at the California Medical Facility ("CMF"), filed the instant pro se habeas action pursuant to 28 U.S.C. § 2254. The operative petition is the Amended Petition, which raises twelve claims. Dkt. 75.

In an Order dated March 11, 2016, the Court granted Respondent's motion to dismiss the Amended Petition as a mixed petition. Dkt. 103. The Court directed Petitioner to make an election regarding how he intended to proceed in light of the unexhausted claims. Id. at 8. The unexhausted claims are as follows: (Claim 4) the trial court erred by failing to instruct the jury with CALJIC No. 1.04; (Claim 11) ineffective assistance of appellate counsel; and (Claim 12) cumulative effect of all the errors requires reversal. Dkt. 75 at 6, 8.

Petitioner was instructed to file a statement of his intent either:

> (1) to dismiss the unexhausted claims and go forward in this action with only the exhausted claims; (2) to terminate this action and return to state court to complete the exhaustion of Claims Four, Eleven and Twelve before returning to federal court to present all of his claims in a new petition; or (3) to request a stay of these proceedings while he exhausts his state judicial remedies.

Id. He was further instructed as follows: "If Petitioner chooses option (3), he must show he satisfies the Rhines[1] criteria (i.e. he explains why he failed to exhaust his unexhausted claims previously in state court and why the claims are potentially meritorious) or he must

---

[1] Rhines v. Webber, 544 U.S. 269 (2005).

comply with the King[2]/Kelly[3] requirements . . . ." Id. (footnotes added).

On April 14, 2016, Petitioner submitted a request "to be allowed to select 3[rd] option of the 3 the Court order advised [he] could select from." Dkt. 105 at 1. However, he failed to explain how he satisfied the Rhines criteria or show that he complied with the King/Kelly requirements.

On June 24, 2016, the Court denied without prejudice Petitioner's motion for a stay. Dkt. 107. The Court noted that it had "previously granted Petitioner a lengthy stay pursuant to Rhines— from February 19, 2013 through the date the stay was lifted on April 14, 2015—affording him a total of two years to exhaust Claims Four, Eleven and Twelve". Id. at 3-4 (citing Dkt. 48). The Court determined that Petitioner had not shown good cause for a second Rhines stay. Id. (citing Rhines, 544 U.S. at 277). The Court directed Petitioner to file a renewed motion for a stay which explains how he complies with the King/Kelly requirements. Id. The Court also indicated that if Petitioner did not file a renewed motion for a stay, then he could request to dismiss his unexhausted claims and to proceed with his remaining exhausted claims. Id. The Court then warned Petitioner that if he failed to file a renewed motion for a stay or a motion to dismiss, this action would be "dismissed without prejudice to filing a new federal habeas action containing a petition with only exhausted claims." Id.

On December 15, 2016, the Court granted Petitioner's request for an extension of time to file his response to the June 24, 2016 Order. Dkt. 113. The Court directed Petitioner to complete an attached election form indicating whether he would either (1) file a renewed motion for a stay which explains how he complies with the King/Kelly requirements; or (2) dismiss his unexhausted claims (Claims Four, Eleven and Twelve) and move forward with his remaining exhausted claims. Id. at 3, 6. The Court instructed Petitioner to complete, sign, date, and return the election form by mailing it to the Clerk of the Court no later than January 6, 2017. Id. The Court warned Plaintiff that the failure to

---

[2] King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

[3] Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

2

do so would result in the dismissal of this action without prejudice to filing a new federal habeas action containing a petition with only exhausted claims. Id. at 4.

Thereafter, Petitioner submitted a completed election form, which indicated that he would "file a renewed motion for a stay no later than January 6, 2017." Dkt. 116 at 1. Attached to the election form, Petitioner submitted a letter in which he requested the Court "to please hold the exhausted claims in abeyance" while he exhausted his other claims. Id. at 2. However, Petitioner failed to explain how he complies with the King/Kelly requirements. See id. Instead, Petitioner requested another extension of time to file his renewed motion for a stay. Dkt. 117.

On February 23, 2017, Respondent responded to Petitioner's January 30, 2017 response and argued that it did not constitute a proper motion for a stay, stating as follows:

> Here, petitioner has not invoked Kelly, nor has he made a Kelly showing. Even though petitioner may not have received this Court's December 15, 2016, order in sufficient time to comply with the January 6, 2017 deadline, petitioner's subsequent filings, as well as his previous ones, strongly suggest that he will continue to avoid meeting his obligations with regard to his pending federal habeas case rather than moving forward to resolve his claims

Dkt. 118 at 3. Respondent stated that the Court "should dismiss petitioner's federal habeas petition for failure to comply with [its] order to file a renewed motion for stay because the petition is a mixed petition which contains unexhausted claims." Id. at 2.

On May 3, 2017, the Court noted that Petitioner's recent filings indicated that he was seeking to amend his petition to add a new unexhausted sentencing claim. Dkt. 121 at 3 (citing Dkts. 116, 120). Petitioner had described his new unexhausted sentencing claim as follows: a "sentencing error in the calculation of his virtual life by imprisonment sentence," dkt. 120 at 2; or a "construction of incorrect sentence calculation" claim, dkt. 116 at 2. The Court noted that no such motion to amend had been filed. Dkt. 121 at 3. In the event that Petitioner's filing could be construed as a motion to amend, the Court directed Respondent to file a response to the motion to amend. Id. Respondent has since opposed Petitioner's motion to amend stating that such a motion should be denied because "there is no claim in his [amended] petition to which the alleged sentencing claim could

3

relate back." Dkt. 122 at 4. The Court notes that a motion to amend to add an unexhausted claim would be dependent on whether a stay is granted in this matter.

Also on May 3, 2017, the Court granted Petitioner another extension of time to file a renewed motion for a stay. Dkt. 121. The Court directed Petitioner to do so no later than twenty-eight days from May 3, 2017, thus the new deadline was May 31, 2017. Id. at 4. Again, the Court warned Plaintiff that if he failed to file a renewed motion for a stay within the twenty-eight day deadline, he "**shall face dismissal of this action without prejudice to filing a new federal habeas action containing a petition with only exhausted claims**." Id. at 4 (emphasis in original). The Court further stated that "**[n]o further extensions of time will be granted in this case absent exigent circumstances**." Id. (emphasis in original).

The May 31, 2017 deadline has long passed. To date, Petitioner has not filed a proper motion for a stay which explains how he complies with the King/Kelly requirements. Instead, Petitioner has filed numerous letters, renewed requests for appointment of counsel (which have been denied, see dkts. 113, 121), oppositions to filing by Respondent, and challenges to his conditions of confinement.[4] See Dkts. 108, 110, 111, 114, 115, 119, 120, 123, 124, 126, 128, 129, 130, 131, 132, 133, 134. More recently, Petitioner has filed a request for a status update. Dkt. 135. None of these aforementioned filings can be construed as a proper renewed motion for a stay which explains how he complies with the King/Kelly requirements. Plaintiff has been given ample time to file such a motion (including multiple extensions of time), but he has failed to do so. Therefore, the Amended Petition is DISMISSED as a mixed petition. The dismissal is without prejudice to filing a new federal habeas action containing a petition with only exhausted claims.

---

[4] As mentioned above, Plaintiff has filed various challenges to his current conditions of confinement at CMF, including allegations of mail tampering. Because CMF is not in this judicial district, Plaintiff must present any claims regarding his conditions of confinement at that prison in the United States District Court for the Eastern District of California. Therefore, any motions related to Plaintiff's conditions of confinement at that prison are DENIED without prejudice to filing an action in the Eastern District of California, where CMF is located.

4

Because this case has been dismissed, it follows then that any request by Petitioner to amend to add an unexhausted sentencing claim is DENIED as moot.

Also, as mentioned above, Plaintiff requests an update on the status of this case. Dkt. 135. His request is GRANTED. The status is that this Order dismisses the action.

This Order terminates Docket No. 135.

IT IS SO ORDERED.

Dated: April 26, 2018

_____
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

P:\PRO-SE\SBA\HC.11\Mitchell2705.DISM(MixedPet).docx

5