UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MITCHELL,<br><br>            Petitioner,<br><br>   v.<br><br>GENA JONES, Acting Warden,[1]<br><br>            Respondent. | Case No. 11-cv-02705-JST<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED PETITION FOR HABEAS CORPUS**<br><br>Re: ECF No. 151 |

     Before the Court is Respondent Gena Jones's motion to dismiss certain claims raised in Petitioner Paul Mitchell's first amended habeas petition. ECF No. 151. The Court will grant the motion.

**I.    BACKGROUND**

     Petitioner is presently incarcerated in a California state prison facility. After Petitioner proceeded *in pro per* at trial, a jury convicted him of eight counts of sexual penetration by a foreign object, Cal. Penal Code § 289(a)(1); three counts of forcible oral copulation, Cal. Penal Code § 288a(c)(2); and one count of forcible rape, Cal. Penal Code § 261(a)(2). ECF No. 80-1 at 1. Those convictions were affirmed on direct review by a California Court of Appeal. *Id.* Petitioner then filed a petition for review at the California Supreme Court, ECF No. 80-2, which was summarily denied, ECF No. 80-3.

     In 2011, Petitioner initiated this action by filing a petition for writ of habeas corpus in

---

[1] The Clerk of Court is directed to substitute Gena Jones in place of the previously named respondent. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.), *as amended* (May 8, 1996) (rules governing relief under 28 U.S.C. § 2254 require person in custody pursuant to judgment of state court to name state officer having custody of him as respondent); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (respondent in habeas petition is warden of facility in which petitioner is incarcerated).

1  federal court. ECF No. 1. Judge Saundra Brown Armstrong, who previously presided over the
2  case, issued an order to show cause, ECF No. 12, and Respondent filed a motion to dismiss for
3  failure to exhaust state remedies, ECF No. 14. Judge Armstrong granted the motion to dismiss
4  and stayed the case to permit Petitioner to exhaust remedies pursuant to *Rhines v. Weber*, 544 U.S.
5  269 (2005). ECF Nos. 44, 48.

      In 2014, Petitioner filed a petition for habeas corpus at the California Supreme Court. ECF No. 80-4. The California Supreme Court summarily denied the petition. ECF No. 80-5.

      In 2015, Petitioner filed a first amended habeas petition in federal court asserting twelve claims for relief. ECF No. 75. Judge Armstrong issued an order to show cause, ECF No. 77, and Respondent again moved to dismiss, ECF No. 80. Judge Armstrong granted the motion to dismiss for failure to exhaust several claims and ordered Petitioner to determine how he wished to proceed. ECF No. 103. After several efforts to permit Petitioner to comply with that order, ECF Nos. 107, 113, 121, 127, Judge Armstrong dismissed the amended petition without prejudice, ECF No. 137.

      In 2017, Petitioner filed another petition for habeas corpus at the California Supreme Court. ECF No. 151-1 at 2. The California Supreme Court summarily denied the petition. ECF No. 151-2.

      In 2019, Judge Armstrong granted a motion for reconsideration and vacated her prior order of dismissal and judgment. ECF No. 150. Respondent then filed the present motion to dismiss claims four, six, seven, eight, nine, ten, eleven, and twelve of the first amended petition. ECF No. 151. In response to a request from Petitioner, Judge Armstrong appointed counsel and stayed the case. ECF No. 154. Several years of extensions and Covid-19-related delays to the briefing schedule followed.

      In 2022, Petitioner voluntarily dismissed claims four, eleven, and twelve of the first amended petition, ECF No. 190, and the case was transferred to the undersigned, ECF No. 194.

## II.    LEGAL STANDARD

      "A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and

adequate to support the judgment.'" *Walker v. Martin*, 562 U.S. 307, 315 (2011) (alteration in original) (quoting *Beard v. Kindler*, 558 U.S. 53, 55 (2009)). "The procedural default doctrine 'bar[s] federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'" *Calderon v. U.S. Dist. Ct.*, 96 F.3d 1126, 1129 (9th Cir. 1996) (alteration in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991)). "Not all state procedural bars are 'adequate' to foreclose federal review." *Id.*

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

### III.   DISCUSSION

Respondent moves to dismiss claims six through ten of the first amended petition as procedurally defaulted.[2]

Petitioner raised claims six through ten of the first amended petition in his 2014 habeas petition filed in the California Supreme Court. *Compare* ECF No. 75 at 30-34 *with* ECF No. 80-4 at 4-8. The California Supreme Court summarily denied the petition, citing *In re Robbins*, 18 Cal. 4th 770 (1998). ECF No. 80-5 ("The petition for writ of habeas corpus is denied. [*See In re Robbins* . . . .]" (emphasis added)).

Petitioner's 2014 habeas petition was denied as untimely under California law. "California courts signal that a habeas petition is denied as untimely by citing the controlling decisions, *i.e.*, [*In re*] *Clark*[, 5 Cal. 4th 750 (1993) (in bank)] and *Robbins*[, 18 Cal. 4th at 770]." *Walker v. Martin*, 562 U.S. 307, 310. In *Walker*, the Supreme Court held that California's timeliness bar is an adequate state procedural bar that forecloses federal review. *Id.* at 321. Because the state court denied Petitioner's 2014 habeas petition for timeliness, which is a state law ground independent of

---

[2] Because Petitioner has voluntarily dismissed claims four, eleven, and twelve of the first amended complaint, the Court does not address Respondent's arguments concerning those claims.

3

1 the federal question and adequate to support the judgment, federal claims raised in his 2014 habeas
2 petition—including claims six through ten of the first amended petition now before this Court—
3 are procedurally defaulted.

4   Petitioner does not dispute that such claims are procedurally defaulted, but argues that
5 Respondent has impliedly waived this defense because "the procedurally correct timing for
6 [raising the timeliness issue] was when the District Court directed [R]espondent to answer the
7 [first amended petition]." ECF No. 195 at 16. Petitioner is correct that "the defense of procedural
8 default should be raised in the first responsive pleading in order to avoid waiver." *Morrison v.*
9 *Mahoney*, 399 F.3d 1041, 1046 (9th Cir. 2005). However, because "a motion to dismiss is not a
10 pleading," "[a] motion to dismiss [i]s not a responsive pleading that require[s] the [respondent] to
11 raise or waive all its defenses." *Id.* at 1046-47. Because Respondent has only filed motions to
12 dismiss in this action—and has not yet filed an answer—Respondent has not waived the defense
13 of procedural default.

14   Petitioner does not attempt to demonstrate cause and prejudice or suggest that failure to
15 consider claims six through ten of the first amended petition will result in a fundamental
16 miscarriage of justice. Accordingly, this Court is barred from considering those claims.

## CONCLUSION

18   Respondent's motion to dismiss is granted. Claims six, seven, eight, nine, and ten of the
19 first amended petition are dismissed as procedurally barred.

20   Within 60 days of the date of this order, Respondent shall file with the Court and serve on
21 Petitioner an answer showing cause why a writ of habeas corpus should not be granted based on
22 claims one, two, three, and five of the first amended petition. Respondent shall file with the
23 answer and serve on Petitioner a copy of all portions of the state trial record that have been
24 transcribed previously and that are relevant to a determination of the issues presented by the
25 petition.

26 / / /
27 / / /
28 / / /

4

1   If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
2   court and serving it on Respondent within 30 days of the date the answer is filed.
3   **IT IS SO ORDERED.**
4   Dated:  June 20, 2023



JON S. TIGAR
United States District Judge